**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD J. GRAB,<br><br>   Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 14-7145-JPR<br><br>**MEMORANDUM OPINION AND ORDER REVERSING COMMISSIONER** |

**I. PROCEEDINGS**

  Plaintiff seeks review of the Commissioner's final decision denying his applications for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed June 2, 2015, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further administrative proceedings.

**II. BACKGROUND**

Plaintiff was born in 1964. (Administrative Record ("AR") 158.) He completed 11th grade and obtained a GED. (AR 34, 197.) He worked as an auto mechanic, automatic-door technician, and floral designer and delivery person. (AR 34-35, 197, 218-19.)

In April 2011, Plaintiff submitted applications for DIB and SSI, alleging that he had been unable to work since December 10, 2002, because of a "[l]eft knee m[e]niscus tear" and "spinal disc herniation." (AR 158-67, 196.) After his application was denied, he requested a hearing before an Administrative Law Judge. (AR 83-85.) A hearing was held on July 2, 2012, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert ("VE"). (AR 29-51.) In a written decision issued August 10, 2012, the ALJ found Plaintiff not disabled. (AR 13-21.) On July 22, 2014, the Appeals Council denied Plaintiff's request for review. (AR 1-3.) This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec.

Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for Social Security purposes if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A. The Five-Step Evaluation Process

An ALJ follows a five-step sequential evaluation process to assess whether someone is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, he is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is not engaged in such activity, the second step requires the Commissioner to determine whether he has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether it meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal one in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[1] to perform his past work; if so, he is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B. The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in

---

[1] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

substantial gainful activity since December 10, 2002, the alleged onset date. (AR 15.) At step two, he concluded that Plaintiff had the severe impairments of "disc herniation of the cervical spine; left knee meniscus tear status post left knee surgery; and lumbago." (Id.) At step three, he determined that Plaintiff's impairments did not meet or equal any of the impairments in the Listing. (AR 16.) At step four, he found that Plaintiff had the RFC to perform light work with additional limitations:

> The claimant needs a job where he could sit or stand alternatively every 30 minutes so long as he does not leave the workstation. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally do the following: climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. The claimant can frequently reach, handle, or finger with both upper extremities. The claimant must avoid concentrated exposure to dangerous moving machinery and unprotected heights. The claimant must avoid concentrated exposure to dusts, fumes, gases, odors, poor ventilation, and other pulmonary irritants.

(Id.) Based on the VE's testimony, the ALJ found that Plaintiff could not perform his past relevant work but could do other work existing in significant numbers in the national economy. (AR 19.) Accordingly, he found Plaintiff not disabled. (AR 20.)

**V. DISCUSSION**

Plaintiff contends that the ALJ erred in formulating his RFC, determining that he could perform the jobs identified by the VE at step five, and assessing his credibility. (J. Stip. at 4.)

Because recent case law makes clear that the ALJ's findings concerning Plaintiff's credibility were insufficient, the matter must be remanded for further analysis and findings. The Court therefore does not reach the other two issues.

### A.  The ALJ Failed to Adequately Explain Why He Found Plaintiff Only Partially Credible

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. See Lingenfelter, 504 F.3d at 1035-36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. If such objective medical evidence exists, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (emphasis in original).

If the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes

specific findings that support the conclusion. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent a finding or affirmative evidence of malingering, the ALJ must provide "specific, clear, and convincing" reasons for rejecting the claimant's testimony. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 4620123, at *1 (9th Cir. Aug. 4, 2015); Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014).

     The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 17.) The ALJ went on to find, as to several of Plaintiff's claimed impairments, that his limitations were "not as severe as alleged." (See, e.g., id. (disc herniation of cervical spine), AR 18 (left knee).) Such findings are not themselves sufficient to amount to the specific reasons necessary to support an adverse credibility determination. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (finding that ALJ's statement that "claimant's self-reports to the physical therapist do not indicate the degree of limitation suggested by the medical source statement, and indeed is [sic] inconsistent with the claimant's testimony at [the] hearing" was not sufficiently specific reason to discount credibility (alteration in original)); Brown-Hunter, 2015 WL 4620123, at *3, *5-6 (reversing ALJ's credibility determination because it was supported only by lengthy recitation of medical evidence and statement that

plaintiff's "impairments were less serious than she has alleged"). In any event, the lack of objective medical evidence underlying pain allegations cannot alone support an ALJ's adverse credibility finding. See Robbins, 466 F.3d at 883; see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (stating that ALJ may consider "lack of medical evidence" as factor in credibility analysis, but it "cannot form the sole basis for discounting pain testimony"); Figueroa v. Colvin, No. CV 14-06522 (GJS), 2015 WL 4331300, at *2 (C.D. Cal. July 15, 2015) (remanding for further proceedings because ALJ failed to provide clear and convincing reasons for discounting claimant's credibility "apart from the lack of objective medical evidence"). The ALJ provided no other reason for his credibility finding.

As Defendant notes (J. Stip. at 24), in discussing Plaintiff's eligibility for DIB, the ALJ noted that his only alleged impairment through December 2006, his date last insured, was degenerative disc disease in his cervical spine (AR 17). He noted that although Plaintiff had been urged to have surgery as early as December 2002, he had declined to do so. (Id.) Thus, the ALJ found, because "the claimant was able to function for another ten years after [the doctor] first recommended neck surgery, and another six years after his date last insured lapsed, the undersigned finds that the claimant was not disabled for the purpose of Title II disability insurance benefits prior to December 31, 2006." (Id.) But Plaintiff's failure to follow through with recommended surgery cannot be read as part of the ALJ's reasoning supporting his credibility finding because he never said as much. See Burrell, 775 F.3d at 1139 (rejecting

government's argument that ALJ's findings concerning claimant's treatment for headaches supported adverse credibility decision because ALJ "never stated that he rested his . . . credibility determination on those findings"). "For that reason alone," see id., the ALJ's statement concerning Plaintiff's failure to have recommended surgery cannot provide a basis for the credibility finding.

In sum, the ALJ's explanation for his adverse credibility determination was insufficient, and remand is appropriate to allow him to reevaluate or more fully explain that finding.

B.   Remand for Further Proceedings Is Appropriate

When, as here, an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). When no useful purpose would be served by further administrative proceedings, however, or when the record has been fully developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Garrison v. Colvin, 759 F.3d 995, 1019-20 (9th Cir. 2014).

Under the credit-as-true framework, three circumstances must be present before a court may remand to the ALJ with instructions to award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant

9

testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Garrison, 759 F.3d at 1020; Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-01 (9th Cir. 2014). When, however, the ALJ's findings are so "insufficient" that a court cannot determine whether the rejected testimony should be credited as true, the court has "some flexibility" in applying the credit-as-true rule. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); see also Garrison, 759 F.3d at 1020 (noting that Connett established that credit-as-true rule may not be dispositive in all cases); Treichler, 775 F.3d at 1101 (noting that remand for benefits is inappropriate when "there is conflicting evidence, and not all essential factual issues have been resolved").

Here, remand for further proceedings is appropriate. It may well be that the ALJ had adequate reasons not to find Plaintiff credible and simply failed to express them; his findings are so insufficient that the Court cannot tell. Moreover, on remand, the ALJ will have the opportunity to explain more fully why he did not include any limitation concerning Plaintiff's use of a cane in the RFC.[2] And the ALJ may take further testimony from

---

[2] Although the record is not entirely clear, examining doctor Sandra Boehlert's statement that Plaintiff should use a cane for his left-knee pain may have related solely to his acute pain following surgery, as she examined him just a few weeks after his knee was surgically repaired. (See AR 307-10, 413.) Moreover, Plaintiff's testimony at the hearing that he required a cane seemed to relate to new problems concerning his right knee (see AR 36, 38), as to which there was no objective medical

the vocational expert concerning any inconsistency between the sit/stand option and his testimony.  (See AR 20.)

## VI.  CONCLUSION

Consistent with the foregoing and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner, GRANTING Plaintiff's request for remand, and REMANDING this action for further proceedings consistent with this Memorandum Opinion.  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 13, 2015   _____
JEAN ROSENBLUTH
U.S. Magistrate Judge

---

evidence before the ALJ. After the hearing, Plaintiff submitted records showing largely normal imaging of his right knee but also a meniscus tear in the posterior horn. (AR 483 (July 2012 imaging), 489 (doctor noting in June 2012 that Plaintiff "walks with normal gait" and showed few signs of distress in right knee).)

[3] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."